**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO.  CCB-18-00625** |
| **MICHAEL TALLEY, SR.,** | * | |
| **SHANNON FLINT** | * | |
| **a/k/a "Shambo,"** | * | |
| **KANAKIA FEAGINS** | * | |
| **a/k/a "Florida,"** | * | |
| **JAMES HILL** | * | |
| **a/k/a "Don," and** | * | |
| **MICHAEL TALLEY, JR.,** | * | |
| | * | |
| **Defendants** | * | |
| | ******* | |

**MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through Robert K. Hur, United States Attorney for the District of Maryland and Patricia McLane and Lindsey McCulley, Assistant United States Attorneys for said district, respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act. The Government moves to exclude time from the speedy trial calculation pursuant to Title 18 U.S.C. § 3161(h) and states the following:

1.     On December 18, 2018, a grand jury sitting in the District of Maryland indicted five Defendants in a five-count indictment charging conspiracy to distribute 280 grams or more of a substance containing cocaine base and other related charges.  To date, four of the five Defendants have appeared in federal court.  Specifically:

a. Michael Talley, Sr. had his initial appearance on December 19, 2018 and agreed to detention.

b. Michael Talley, Jr. had an initial appearance on December 19, 2018, and the Court ordered him to be released on conditions.

c. Shannon Flint had his initial appearance on December 19, 2018 and agreed to detention.

d. James Hill had his initial appearance on December 19, 2018 and a detention hearing was set for December 21, 2018.  At that time, James Hill agreed to detention.

2.      One Defendant has not been arrested on this matter, namely, Kanakia Feagins.  The Government has no information on the whereabouts of Feagins.

3.      The Court has not set any dates in this matter.

4.      The Speedy Trial Act requires that the defendant be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.  18 U.S.C. § 3161(c)(1).  The Speedy Trial Act allows for exclusions of time from the calculation of time within which the trial must commence.  18 U.S.C. § 3161(h).  Specifically, "[a]ny period of delay resulting from a the absence of a defendant" shall be excluded from computing the time within which the trial of any such offense must commence.  § 3161(h)(3)(A).

5.      In this matter, the Speedy Trial Act does not apply since one of the Defendants has not been brought to court; Feagins is absent pursuant to § 3161(h)(3)(A).  However, in an abundance of caution, the Government would like the Court to find there is good cause to toll the speedy trial clock.

6.      The Government requests that the period from the initial appearance date of Talley, Sr., Talley, Jr., Flint, and Hill on December 19, 2018 through April 19, 2019 be excluded from the speedy trial computation.[1]  The circumstances of this case permits such a delay and an exclusion

---

[1] "In a case involving several defendants, time excludable for one defendant is excludable for all defendants." *United States v. Jarrell,* 147 F.3d 315, 316 (4th Cir. 1998) *citing* 18 U.S.C. § 3161(h)(7).

of time during this period.  Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant's right in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  In this case, the Government has provided discovery to all defendants that have had their initial appearance and one of the defendants has yet to be arrested on these charges.  Allowing the parties additional time to review discovery and negotiate plea agreements may lead to plea dispositions.  Such dispositions would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.  Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

7.	Counsel for Talley, Sr., Talley, Jr., Flint, and Hill have no objection to the filing of this motion.

**WHEREFORE**, the United States requests that the Court issue an order providing for an exclusion of time from December 19, 2018 through April 19, 2019, from the time period within which trial must commence.

A proposed order is attached to this motion.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By:_____/s/_____
Patricia McLane
Lindsey McCulley
Assistant United States Attorneys
United States Attorney's Office
36th South Charles Street, 4th Floor
Baltimore, MD 21202
(410) 209-4800 (telephone)
(410) 962-0717 (facsimile)

Filed ECF: February 19, 2019